**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Gary L Wagoner,

        Plaintiff,

v.

Pinnacle West Capital Corporation,

        Defendant.

No. CV-26-02517-PHX-KML

**ORDER**

Pro se plaintiff Gary L. Wagoner filed his original complaint in Maricopa County Superior Court. (Doc. 1-3 at 6.) That complaint alleged Wagoner is a "dedicated chiropractor" who provided services to a patient covered under defendant Pinnacle West Capital Corporation's "self-funded" medical plan. (Doc. 1-3 at 9.) Wagoner alleged Pinnacle West had "a calculated system of bad faith that leaves patients and providers in the lurch, violating state laws . . . and, alternatively, federal ERISA standards." (Doc. 1-3 at 6.) Pinnacle West removed the case to federal court alleging Wagoner's claims were "completely preempted by ERISA." (Doc. 1 at 2.)

On April 15, 2026, Wagoner filed a motion to remand arguing his "primary claims" were brought under Arizona law and his "alternative ERISA pleading does not convert the entire complaint into a federal claim." (Doc. 7 at 1.) On April 22, 2026, Pinnacle West filed a motion to dismiss arguing Wagoner's state law claims were preempted by ERISA and his ERISA claims were barred by the statute of limitations. (Doc. 11.) Instead of filing an opposition to the motion to dismiss, on May 5, 2026, Wagoner filed an amended complaint.

(Doc. 24.) That amended complaint bafflingly appears to assert exclusively ERISA claims.

Wagoner was entitled to amend his complaint without leave of court within 21 days of Pinnacle West's motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). The amended complaint filed on May 5, 2026, is Wagoner's amendment as of right. Accepting that complaint means Wagoner's motion to remand on the basis that he is not asserting federal claims is moot, as is Pinnacle West's motion to dismiss aimed at the earlier complaint. Pinnacle West must respond to the amended complaint. Wagoner is warned that any future amendments to the current complaint may be made "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Filings that fail to comply with applicable rules and court orders may be summarily stricken with no further warning, and the court may impose sanctions for improper filings up to and including dismissal.

On May 1, 2026, Wagoner filed a motion to allow electronic filing. (Doc. 22.) Before the court could rule on that motion, Wagoner filed two more motions seeking the same relief. (Docs. 25, 26.) There is no explanation why Wagoner filed the second and third motions while his earlier motion remained pending. But repeatedly filing inappropriate documents is consistent with Wagoner's general practices. In recent years, Wagoner has been the plaintiff in at least ten cases in this court. Some of those cases have been repetitive attempts to obtain relief against the same defendant. For example, in CV-22-990-PHX-JAT, Wagoner asserted claims against FirstFleet Inc. Wagoner subsequently filed four other cases against FirstFleet. CV-25-1474-PHX-JJT; CV-25-2349-PHX-DJH; CV-25-3099-PHX-SMB; and CV-25-3701-PHX-MTL. In one of those cases, the court granted Wagoner electronic filing privileges but later imposed sanctions against him after noting he had "overrun the docket with repetitive motions." Doc. 41, CV-25-2349-PHX-DJH.

According to Pinnacle West, the present suit is the fifth time Wagoner has filed the same claims against it, which means they may be barred by claim preclusion. Pinnacle West requested in its motion to dismiss that the court declare Wagoner a vexatious litigant. (Doc. 11 at 2.) Based on Wagoner's past behavior in suits against Pinnacle West and others,

- 2 -

as well as Wagoner already filing inappropriate duplicative motions in this case, he is not entitled to file documents electronically.

Accordingly,

**IT IS ORDERED** the Motion to Remand (Doc. 7), Motion to Dismiss (Doc. 11), and Motions to Allow Electronic Filing (Docs. 22, 25, 26) are **DENIED**.

Dated this 7th day of May, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -